UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MUTAZ ALSHARA,

        Plaintiff,

                                    Case No. 26-cv-11448

v.                                   Honorable Linda V. Parker

REPUBLIC OF IRAQ and
REPUBLIC OF LEBANON,

        Defendants.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS AND SUMMARILY DISMISSING COMPLAINT

On April 30, 2026, Plaintiff Mutaz Alshara filed a Complaint against the Republic of Iraq and Republic of Lebanon, as well as an application to proceed without prepaying fees or costs ("IFP") pursuant to 28 U.S.C. § 1915. The Court is granting Plaintiff IFP status. However, complying with its screening obligations pursuant to the statute, 28 U.S.C. § 1915(e)(2), the Court concludes that Plaintiff's Complaint must be summarily dismissed.

### Standard of Review

Pursuant to § 1915(e)(2), the Court is required to sua sponte dismiss a complaint filed IFP before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or

seeks monetary relief against a defendant who is immune from such relief.  *See* 28

U.S.C. § 1915(e)(2)(B).  A complaint is frivolous if it lacks an arguable basis either

in law or in fact.  *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v.*

*Williams*, 490 U.S. 319, 325 (1989).  A complaint fails to state a claim upon which

relief can be granted if it would not survive a motion to dismiss under Federal Rule

of Civil Procedure 12.

Pro se complaints must be construed liberally.  *Haines v. Kerner*, 404 U.S.

519, 520-21 (1972).  Nevertheless, Federal Rule of Civil Procedure 8(a) requires

that a complaint set forth "a short and plain statement of the claim showing that the

pleader is entitled to relief," as well as "a demand for the relief sought."  Fed. R.

Civ. P. 8(a)(2), (3).  The purpose of this rule is to "give the defendant fair notice of

what the . . . claim is and the grounds upon which it rests."  *Bell Atlantic Corp. v.*

*Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47

(1957) and Fed. R. Civ. P. 8(a)(2)).

### Discussion

In the Complaint, Plaintiff states that he is seeking to hold Iraq and Lebanon

liable for their anti-LGBTQ+ policies, legislation, and systematic state-sponsored

persecution.  (ECF No. 1 at PageID.2.)  Plaintiff claims that these policies and laws

"have been exported to the United States through their nationals" and "have

directly caused catastrophic harm to Plaintiff, a gay United States citizen residing

2

in Wayne County, Michigan." (*Id*.)  Plaintiff's family members, who are nationals

and persons of Iraqi and Lebanese origin, have allegedly subjected Plaintiff to

physical harm and threats of harm and death—behavior Plaintiff claims is

"motivated exclusively by anti-gay animus rooted in the official state ideologies

and legal frameworks of Iraq and Lebanon."  (*Id*. at PageID.3.)  Plaintiff indicates

that he has modeled this lawsuit on the jurisdictional and substantive framework

established in *Doe v. Deutsche Lufthansa*, 157 F.4th 1103 (9th Cir. 2025).

In that case, however, the Ninth Circuit considered only whether there was

personal jurisdiction over the defendant-airline in California and whether there was

federal subject matter jurisdiction based on diversity jurisdiction.  *See ibid.*  The

court did not discuss whether the plaintiffs stated a viable cause of action against

the defendant-airline.  Moreover, the plaintiffs there were not suing a foreign

country based on its laws and policies; instead, they were suing the defendant-

airline for its own alleged misconduct.

It is well settled "that the subject-matter jurisdiction of the lower federal

courts is determined by Congress 'in the exact degrees and character which to

Congress may seem proper for the public good.'"  *Argentine Republic v. Amerada

Hess Shipping Corp.*, 488 U.S. 428, 434 (1989) (quoting *Cary v. Curtis*, 44 U.S. (3

How.) 236, 245 (1845)).  The Foreign Sovereign Immunities Act ("FSIA"), 28

U.S.C. §§ 1330(b), 1602-1611, is the "sole basis for obtaining jurisdiction over a

3

foreign state in our courts." *Id*. Section 1604 of the statute provides that "[s]ubject to existing international agreements to which the United States [was] a party at the time of the enactment of this Act[,] a foreign state shall be immune from the jurisdiction of the courts of the United States and of the States *except as provided in sections 1605 to 1607 of this chapter*." Plaintiff's allegations do not suggest an exception immunity under the FSIA.

The acts of Iraq and Lebanon, of which Plaintiff complains, are officials acts and policies of those foreign governments. The Act of States Doctrine precludes United States courts from inquiring into the validity of the public acts of a recognized foreign sovereign power committed within its own territory. *See Helmerich & Payne Int'l Drilling Co. v. Venezuela*, 153 F.4th 1316, 1330-31 (D.C. Cir. 2025) (citing *Banco Nacional de Cuba v. Sabbatino*, 376 U.S. 398, 401 (1964), *superseded by statute on other grounds*)). The doctrine "provides that a federal court 'will not adjudicate a politically sensitive dispute which would require the court to judge the legality of the sovereign act of a foreign state.'" *D'Augusta v. Am. Petroleum Inst.*, 117 F.4th 1094, 1103 (9th Cir. 2024) (quoting *Int'l Ass'n of Machinists and Aerospace Workers v. Org. of Petroleum Exporting Countries*, 649 F.2d 1354, 1358 (9th Cir. 1981) (citing *Underhill v. Hernandez*, 168 U.S. 250, 252 (1897)). "It is built around separation of powers concerns relating to foreign affairs and reflects 'the strong sense of the Judicial Branch that its

engagement in the task of passing on the validity of foreign acts of state may hinder the conduct of foreign affairs.'" *Petróleos De Venezuela S.A. v. MUFG Union Bank, N.A.*, 106 F.4th 263, 269 (2nd Cir. 2024) (quoting *W.S. Kirkpatrick & Co. v. Env't Tectonics Corp., Int'l*, 493 U.S. 400, 404 (1990)).

While the FSIA has an exception "for personal injury or death . . . occurring in the United States," such injury must be "caused by the tortious act or omission *of that foreign state or of any official or employee of that foreign state while acting within the scope of his office or employment . . ..*" 28 U.S.C. § 1605(a)(5) (emphasis added).  As one district court has explained, "§ 1605(a)(5) is essentially a *respondeat superior* statute, providing an employer with liability for certain tortious acts of its employees." *Rendall-Speranza v. Nassim*, 932 F. Supp. 19, 24 (D.D.C. 1996) (citing *Skeen v. Federative Republic of Brazil*, 566 F. Supp. 1414, 1417 (D.D.C. 1983)).  State law governs whether the respondeat superior doctrine applies.  *O'Bryan v. Holy See*, 556 F.3d 361, 383 (6th Cir. 2009) (collecting cases); *see also Robinson v. Gov't of Malaysia*, 269 F.3d 133, 142-44 (2d Cir. 2001) (explaining that, because "[t]he FSIA itself does not provide any substantive tort law[,]" court must look to state law to determine whether a tort occurred and to assess whether the doctrine of respondeat superior applies).

In Michigan, the doctrine imposes liability on an employer generally for the torts of its employees committed within the scope of their employment.  *Hamed v.*

*Wayne Cnty.*, 803 N.W.2d 237, 244 (Mich. 2011) (citations omitted).  The

Michigan Supreme Court "has defined 'within the scope of employment' to mean

'engaged in the service of his master, or while about his master's business.'"  *Id.*

(quoting *Barnes v. Mitchell*, 67 N.W.2d 208, 210 (Mich. 1954)).  Here, Plaintiff's

factual allegations do not suggest that any individual who has threatened to harm

or has harmed him is an employee, official, or an agent of Iraq or Lebanon.

In short, the exceptions in the FSIA do not apply and, therefore, there is no

basis for obtaining jurisdiction over these foreign nations.  Plaintiff's claims are

also barred by the Act of State doctrine.  Absent an act or omission in the United

States, caused by an employee, official, or agent of Iraq or Lebanon, the United

States courts are precluded from inquiring into the validity of Iraq's and Lebanon's

official state policies and legislation.

Accordingly,

**IT IS ORDERED** that Plaintiff's Complaint is summarily **DISMISSED**

pursuant to 28 U.S.C. § 1915(e)(2).

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: May 26, 2026

6

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 26, 2026, by electronic and/or U.S. First Class mail.

s/Aaron Flanigan
Case Manager